CRUZ, DEMANDANTE Y APELANTE, *v.* DOE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre filiación.

No. 1678.—Resuelto en noviembre 12, 1918.

EXPOSICIÓN DEL CASO—FALTA DE BASE PARA DECIDIR EL RECURSO.—Cuando se funda un recurso únicamente en la insuficiencia de la prueba para sostener

ciertas conclusiones en que descansa la sentencia apelada y en error en la
manera de apreciarla, es preciso que el tribunal de apelación tenga ante sí
las pruebas aportadas al juicio mediante una exposición del caso aprobada
por el juez de la corte inferior, como dispone la ley. Cuando consta que
después de aprobada una exposición del caso y de presentada en esta corte
formando parte de la transcripción, el juez que conoció del juicio ordena
que se redacte otra nueva para incluirle particulares que no tenía la anterior
y la aprueba, la primera no puede tenerse en cuenta para resolver el recurso
de apelación.

CORRECCIÓN DE AUTOS—COPIA DE UNA EXPOSICIÓN DEL CASO FIRMADA POR EL
ABOGADO.—Si de la segunda exposición aprobada se nos presenta una copia
firmada únicamente por el abogado del apelante, no podemos tenerla en cuenta
para corregir los autos y decidir el recurso porque la sola firma del abogado
no es bastante para darle autenticidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mendín.*

Abogados de los apelados: *Sres. Rafael Arce* y *M. Tous
Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

La parte demandante en este pleito apeló para ante noso-
tros de la sentencia de la Corte de Distrito de Humacao que
declaró sin lugar su demanda y para que resolviéramos su
recurso nos presentó una transcripción del legajo de la sen-
tencia de la corte inferior, certificada por los abogados de
las partes, que contiene una exposición del caso y pliego de
excepciones con las pruebas e incidentes del juicio aprobada
por el juez sentenciador en 15 de mayo de 1916.

Algún tiempo después la propia parte nos presentó un
documento titulado "exposición del caso" fechado en 16 de
febrero de 1918 que no tiene a su calce certificación del juez
inferior de haberla aprobado y que está autorizado por su
abogado solamente. Con ese documento nos presentó moción
interesando que dicho documento se adicionase a la trans-
cripción que tenía presentada, alegando con tal fin que a
petición de los demandados en el pleito había ordenado la
corte inferior en 9 de febrero de 1918 para corregir los autos,
que la exposición del caso se adicionase con ciertas enmiendas

que en dicha orden se consignan; que en igual fecha el juez modificó su orden suprimiendo algunas de las enmiendas que antes había dispuesto; que en cumplimiento de esa orden preparó y radicó en la Corte de Distrito de Humacao, con notificación a la parte contraria, la exposición del caso y pliego de excepciones de la cual acompaña copia; y por último que en 21 de febrero de 1918 el juez inferior aprobó esa nueva exposición del caso y pliego de excepciones por ser correcta con lo ocurrido en el juicio, contener toda la evidencia a él aportada y también las excepciones que se tomaron, a fin de que sirva como tal pliego de excepciones y exposición del caso en la apelación de la sentencia que está pendiente ante nosotros.

El día señalado para oir a las partes respecto a las peticiones contenidas en esa moción nos presentó la apelante una certificación del secretario de la corte inferior en la que se inserta la certificación extendida por el juez sentenciador en 21 de febrero de 1918 en los autos obrantes en la corte de distrito aprobando la exposición del caso que se le había presentado de acuerdo con su orden de 9 de febrero entonces corriente. La moción la resolvimos disponiendo que el referido documento se uniese a los autos a los fines procedentes y dos días después tuvo lugar la vista de la apelación establecida contra la sentencia dictada por la corte *a quo*.

Todas las cuestiones en que el apelante funda su recurso se refieren a las pruebas del juicio, alegando que son insuficientes para sostener ciertas conclusiones en que descansa la sentencia apelada, y que por haber sido apreciadas erróneamente se rechazaron sus pretensiones. Por consiguiente para revocar por alguno de esos fundamentos la sentencia recurrida, necesitamos tener ante nosotros las pruebas aportadas al juicio mediante una exposición del caso aprobada por el juez inferior, como dispone la ley, y aunque en esta apelación se han presentado dos exposiciones del caso no podemos basarnos en ninguna de ellas para examinar las prue-

bas y decidir si son insuficientes para sostener la sentencia o si fueron erróneamente apreciadas por el juez inferior.

En cuanto a la que figura en la transcripción del legajo de la sentencia no podemos darle valor alguno desde el momento en que por la certificación del secretario de la Corte de Distrito de Humacao sabemos que después de haberle impartido el juez su aprobación, ordenó en 9 de febrero de 1918 que se le hicieran enmiendas y que el día 21 había aprobado la nueva exposición del caso enmendada que había presentado la parte apelante, conteniendo particulares que no figuraron en la anterior exposición del caso, según manifestación de la propia parte apelante, lo que demuestra que la primera no fué correcta.

En cuanto a la segunda exposición del caso que en copia presenta el apelante con la sola firma de su abogado, tampoco podemos descansar en ella para examinar las pruebas y aquilatar su suficiencia en este pleito, porque la copia que de ella se presenta no está certificada por el secretario del tribunal *a quo* ni por los abogados de las partes, y la sola firma del abogado de la parte interesada en la apelación no es suficiente para darle autenticidad. Ese defecto que contiene tal copia no está subsanado con la certificación que presentó la parte apelante pues ésta lo que acredita es que el juez aprobó la exposición del caso enmendada que se le presentó, pero esto no demuestra que la copia presentada sea correcta con su original obrante en el pleito en la corte inferior.

Careciendo pues de base para considerar los motivos del recurso y revocar por ellos la sentencia apelada debemos confirmarla.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.